382

Henry Rickeim, and Mamie Rickeim, Claimants, *vs*. State of Illinois, Respondent.

*Opinion filed January 15, 1930.*

*Motions to vacate previous orders denied, March 12, 1930.*

·Tom W. Smurr, for claimants.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This is a claim for $246.00 damages alleged to have been caused by the overflow of the Illinois and Michigan canal in the City of Marseilles. It is charged in the declaration that the overflow causing the alleged damage was the result of the negligence of the lock tender in charge of the lock and gates located near Chicago Street in Marseilles. The Attorney General has filed a special plea for the State averring that the portion of the canal involved in this claim is a part of the Illinois waterway. Claimants have demurred to this plea. The demurrer admits the facts set up in the plea to be true.

Section 2 of the Illinois Waterway Act permits the authorities charged with the construction of the Illinois waterway to use and improve portions of the Illinois and Michigan canal as a part of the waterway. Such portions of the canal as they use in the construction of the waterway are under

the jurisdiction of these authorities and subject to the provisions of the Waterway Act. (*Hollenbeck et al v. State,* opinion filed Nov. 6, 1929.)

Section 24 of the Waterway Act provides that all claims for damages to persons (except to employees) and all claims for damages to property, real or personal, shall be ascertained, determined and fixed by the department of the State government in charge of the waterway and paid out of moneys which shall be provided for the payment of such claims. It is clearly manifest from these provisions of the statute that this court has no jurisdiction to pass upon claims for damages to property arising out of the construction, maintenance or operation of the Illnois Waterway. (*Hollenbeck et al. v State, supra.*) If the portion of the canal in question in this action is a part of the Illinois Waterway, as averred in the plea, then the court of claims has no jurisdiction of this case, and it should be dismissed. By demurring to the plea claimant admits that portion of the canal to be a part of the waterway. As the facts stated in the plea are a complete defense to the claim in this court, the demurrer should be overruled and the case dismissed.

Even if the portion of the canal causing the alleged damage were not a part of the Illinois Waterway, the claim could not be allowed for the reason that separate section 3 of the Constitution prohibits the appropriation of any money in aid of canals. (See *Hollenbeck et al. v. State, supra,* for a full discussion of this question.)

The demurrer is overruled and the claim dismissed.

On March 12, 1930, upon motions to vacate the judgments overruling the demurrers to the pleas and dismissing said cases and for leave to file replications, the following additional opinion was filed:

Claimants in this case and in cases No. 1514 and No. 1515 have filed their motions to vacate the judgments overruling the demurrers to the pleas and dismissing said cases and for leave to file replications averring the portions of the Illinois and Michigan canal involved in the claims were not and are not a part of the Illinois Waterway.

We stated in the last paragraph of the opinion overruling the demurrers and dismissing the cases that even if the portions of the canal causing the alleged damage were not a part

of the Illinois Waterway the claims could not be allowed for the reason that separate section 3 of the Constitution prohibits the appropriation of any money in aid 'of canals, and referred claimants to the opinion in the case of *Hollenbeck et al.* v. *State* for a full discussion of that question. As no award could be allowed claimants even if their replications should be sustained, it would not avail them anything to permit them a hearing on that issue.

The motions are therefore denied.